Date signed January 16, 2009



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In re: | Case No. 07-17595PM |
|---|---|
| Gina Plaza, LLC, | Chapter 11 |
| Debtor. | |

## MEMORANDUM OF DECISION

This matter came before the court for hearing on January 15, 2009, for consideration of the Debtor's Disclosure Statement as well as the Motion of IQ Systems, Inc. ("IQ"), a secured creditor, to dismiss this case. Neither a representative of the Debtor nor its attorney, Steven E. Mirsky ("Counsel"), appeared. After review of the record herein and the arguments of IQ and the United States Trustee, the court will grant IQ's Motion.

The handling of this case has been nothing short of abysmal. The Debtor filed its case on August 13, 2007. By Order dated September 21, 2007, the Debtor was authorized to employ Counsel. In January 2008, the employment of special counsel, Richard D. Mirsky and Eric J. Pelletier, was authorized. The docket of this Chapter 11 case was virtually stagnant until IQ moved to convert the case in August 2008. Following a hearing, the court entered an order that deferred dismissal of the case so as to permit the filing of a *bona fide* Disclosure Statement and Plan before December 1, 2008. On November 30, 2008, the Debtor filed the Disclosure Statement that was the subject of the January 15, 2009, hearing. The United States Trustee filed a

comprehensive objection to approval of the Disclosure Statement, noting that the Disclosure Statement (1) failed to provide adequate information regarding the Debtor's postpetition financial affairs; (2) failed to list all of the Debtor's assets; (3) failed to provide a liquidation analysis; (4) failed to provide a budget of the Debtor's projected future income and expenses; (5) failed to include certain secured and unsecured creditors; (6) failed to address the claim of the equity interest holders; and (7) failed to explain tax consequences.  Also noted by the United States Trustee was that Counsel borrowed a Disclosure Statement from another case and failed to modify same to comport with the Debtor's particular circumstances.  For example, on page 32 of the Disclosure Statement, the Debtor states:  "The Debtor has increased its food and beverage inventory since the date of filing, however, because of the perishable nature of this inventory, the net asset increase is negligible."  The Debtor is not in the food and beverage industry.  Further, there is reference on the same page to an Amended Proof of Claim filed by the Internal Revenue Service on May 13, 2004.  No such claim was filed in this case and, for that matter, the case was not filed until three years later.

Accordingly, an appropriate order will be entered dismissing this case, retaining jurisdiction to enable the court to examine all fees paid to Counsel and special counsel to date and requiring fee applications to be filed.

cc:    Debtor
       Debtor's Counsel
       IQ Systems, Inc.
       Office of the United States Trustee
       All Creditors

**End of Memorandum of Decision**